IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | No. CIV S-11-0431-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ANDERSON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Anderson, Higgins, Harris, and Murray as defendants.  According to plaintiff, Anderson is another inmate, and Higgins, Harris, and Murray are correctional officers.  Plaintiff claims that, on January 19, 2011, Higgins threatened to issue a rules violation report if plaintiff refused to be housed in the same cell with inmate Anderson.  Plaintiff adds that, the day before, Harris made a similar threat of disciplinary action if plaintiff did not accept inmate Anderson as his cellmate.  Plaintiff states that, on January 23, 2011, he was sexually assaulted by inmate Anderson, who had been assigned as plaintiff's cellmate.  According to plaintiff, he approached Murray after the assault and Murray stated: "I don't give a fuck.  Go back to your cell."  Plaintiff claims that he attempted to file a grievance concerning the foregoing, but defendant Harris "destroyed it."  Plaintiff also claims that Harris served him poisoned food on January 22, 2011, and denied him medical attention when he became ill as a result.

## II. DISCUSSION

Plaintiff cannot state a civil rights claim against inmate Anderson because he is not a state actor.  Generally, private parties are not state actors.  See Price v. Hawai'i, 939 F.2d

702, 707-08 (9th Cir. 1991). Where, however, a private party conspires with state officials to deprive others of constitutional rights, the private party is considered to be acting under color of state law and is, therefore, considered a state actor. See Tower v. Glover, 467 U.S. 914, 920 (1984). In this case, plaintiff does not allege that inmate Anderson conspired with any state officials. Anderson should be dismissed as a defendant to this action.[1]

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Anderson be dismissed as a defendant to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] By separate order, the court finds that service is appropriate for the three remaining defendants.