IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | No. 12:11-CV-0431-JAM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| HIGGINS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's motion to quash (Doc. 28); (2) plaintiff's motion for an extension of time to complete discovery (Doc. 29); (3) plaintiff's motion to compel (Doc. 30); (4) plaintiff's motion for a change of venue (Doc. 32); and (5) defendants' motion for an extension of time to file dispositive motions (Doc. 35).

In his motion to quash, plaintiff challenges a subpoena for the production of plaintiff's prison medical file issued by defendants to the prison litigation coordinator.  Plaintiff argues that the subpoena failed to give him reasonable notice and that it is overbroad because it fails to specify which documents are sought.  As to notice, Federal Rule of Civil Procedure 45(c)(A)(i) provides that a subpoena must be quashed if it fails to allow a reasonable time to

1

comply. In this case, the subpoena requested compliance from the litigation coordinator, not plaintiff, and the litigation coordinator has not presented any objection. Thus, this provision of Rule 45 does not apply as a basis to quash the subpoena. To the extent plaintiff argues that the subpoena is defective because it requested compliance by September 19, 2011, but he did not receive the subpoena until after that date, the argument is unpersuasive given that plaintiff cannot even state when he actually received the subpoena, simply stating he received it in "October 2011."

Turning to plaintiff's argument that the request is overbroad, the court does not agree. The subpoena simply requests copies of plaintiff's medical file covering a particular time frame. This request is not overbroad and adequately describes the documents to be produced. Further, the court does not find that the request impermissible infringes on plaintiff's privacy rights because he placed his medical condition at issue by alleging deliberate indifference to a serious medical need. The motion to quash will be denied.

In his motion to compel, plaintiff seeks an order granting him leave to issue subpoenas and other discovery requests to parties and non-parties, and to conduct depositions. Plaintiff's request, however, makes no showing as to what discovery he seeks, how he intends to request such discovery (i.e., deposition, subpoena, discovery request), or to whom such discovery will be propounded. The motion will be denied.

In his motion for a change of venue, plaintiff asks that the matter be transferred to the U.S. District Court for the Southern District of California. He states that he is afraid of reprisals from staff at CSP-Sacramento, where he anticipates he would be transferred for a trial in this matter. He also argues that it would save money to hold the trial in San Diego because he is incarcerated nearer to that location than Sacramento, thus saving transportation costs. Plaintiff's reasons are speculative at this time and, in any event, this court is the proper venue because the defendants reside in this district and because the events complained of occurred in this district.

/ / /

Finally, all parties seek modifications of the scheduling order for this case. Plaintiff seeks additional time to conduct discovery, and defendants seek additional time to file dispositive motions. Neither request is opposed and both will be granted. The parties may conduct discovery until October 1, 2012. Dispositive motions are due within 90 days of the close of discovery.

Plaintiff's motions for injunctive relief will be addressed by separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to quash (Doc. 28) is denied;
2. Plaintiff's motion to compel (Doc. 30) is denied;
3. Plaintiff's motion for a change of venue (Doc. 32) is denied;
4. Plaintiff's motion for an extension of time to conduct discovery (Doc. 29) is granted;
5. The parties may conduct discovery until October 1, 2012;
6. Defendants' motion for an extension of time to file dispositive motions (Doc. 35) is granted; and
7. Dispositive motions are due within 90 days of the close of discovery.

DATED: June 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE