# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

        Plaintiff,

   vs.

HIGGINS, et al.,

        Defendants.

No. CIV S-11-0431-JAM-CMK-P

FINDINGS AND RECOMMENDATIONS

/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for injunctive relief (Docs. 27, 37, and 41).

      In his first motion (Doc. 27), plaintiff seeks injunctive relief against the following prison officials at the Richard J. Donovan Correctional Facility ("RJD"): D. Baramo, K. Balakian, E. Simon, and J. Ramirez. Plaintiff claims that these individuals have refused to comply with the court's discovery order by requiring responses to discovery requests within 30 days instead of 45 days, as specified in the discovery order. Setting aside for the moment that this argument would more properly be raised in the context of a discovery motion, none of the individuals against whom injunctive relief is sought is a party to the instant action. This court is

1

unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, injunctive relief is inappropriate because, since the time plaintiff filed his motion, he has been transferred to a different prison. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). The request must, therefore, be denied.

In his second motion (Doc. 37), plaintiff complains that his transfer to California State Prison – Sacramento ("CSP-Sac") was retaliatory. He also claims that, upon his arrival at CSP-Sac correctional officers Norton, Martinez, and Burciago "placed the plaintiff on paper tray as discipline and began to poison the plaintiff." He also complains of inappropriate behavior by correctional officers Shafto, Davis, McGuire, Till, Hughes, Sparks, O'Brien, Laguna, Ibarra, Compton, and Elston. As with plaintiff's first motion for injunctive relief, such relief is not appropriate on this second motion because none of the individuals against whom injunctive relief is sought is a party to this action. See Zenith Radio, 395 U.S. at 112.

In his third motion (Doc. 41), plaintiff complains about being "poisoned daily" since his return to CSP-Sac on March 29, 2012, by defendants Harris, Higgins, and Murray, whom plaintiff claims are conspiring with other correctional officers who are not defendants to this action. Plaintiff claims that he has attempted to file grievances concerning the alleged poisoning, but that these attempts have been thwarted by prison officials. The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer

1 irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor;
2 and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter,
3 129 S.Ct. at 374).
4          In this case, assuming for the moment that plaintiff can demonstrate the likelihood
5 of irreparable harm in the absence of injunctive relief, plaintiff cannot demonstrate a likelihood
6 of success on the merits.  This is for the simple reason that the merits of the underlying action do
7 not relate to the conduct alleged in his motion for a preliminary injunction.  Logically, a
8 preliminary injunction is designed to enjoin conduct which is the subject of the underlying
9 action.  For example, in an action to declare a particular law unconstitutional, preliminary
10 injunctive relief may be available to enjoin enforcement of the law until the merits can be
11 decided.  In such a case, the moving party would have to show a likelihood of irreparable injury
12 should the law be enforced right away, and a likelihood of success on the underlying
13 constitutional claim.
14          Here, the underlying complaint alleges that defendants poisoned him in January
15 2011, while he was housed at CSP-Sac and before this transfer to RJD and subsequent return to
16 CSP-Sac.  In his motion for injunctive relief, plaintiff complains about alleged poisoning since
17 his return to CSP-Sac on March 29, 2012.  It is not possible for plaintiff to demonstrate a
18 likelihood of success on his underlying claim of poisoning in January 2011 because his motion
19 concerns alleged poisoning in March 2012 and thereafter.  It may be that plaintiff has a new
20 claim against correctional officers at CSP-Sac concerning events beginning in March 2012 and
21 that he may be able to obtain preliminary injunctive relief in the context of a separate complaint.
22 Injunctive relief in the context of this action, the merits of which relate to alleged conduct in
23 January 2011 (insofar as poisoning is concerned), is not appropriate.
24 / / /
25 / / /
26 / / /

1 | Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief (Docs. 27, 37, and 41) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 5, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4