# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,                    No. 2:11-CV-0431-JAM-CMK-P

    Plaintiff,

  vs.                              FINDINGS AND RECOMMENDATIONS

HIGGINS, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are defendants' motions to revoke plaintiff's in forma pauperis status and to dismiss this action (Docs. 59 and 64). In their motions, defendants argue: (1) plaintiff has three or more "strikes" under the Prison Litigation Reform Act ("PLRA") and, therefore, cannot proceed in forma pauperis and must, instead, pre-pay the full filing fees upon re-filing the action; and (2) in any event, plaintiff failed to exhaust administrative remedies prior to filing suit.

/ / /

/ / /

/ / /

# I.  LEGAL STANDARDS

## A.  In Forma Pauperis Status

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not count as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike."  See id. at n.12.

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128 F.3d 1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant

an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits. In <u>Dupree v. Palmer</u>, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. <u>See</u> 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." <u>Id.</u> at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383 (5th Cir. 1996); <u>In re Alea</u>, 86 F.3d 378 (6th Cir. 2002).

**B.  Exhaustion**

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." <u>Id.</u> at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. <u>Id.</u> at 1120 n.14 (referencing the notice requirements outlined in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. <u>See</u> <u>Wyatt</u>, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. <u>See</u> <u>id.</u> at 1120; <u>see also</u> <u>Jones v. Bock</u>, 127 S.Ct. 910 (2007).

/ / /

/ / /

/ / /

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-96 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough. See id. Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims. See id. at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

/ / /

/ / /

/ / /

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id. Departmental appeals coordinators may reject a prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive appeals, use of improper language, failure to attach supporting documents, and failure to follow proper procedures. See Cal. Code Regs. tit. 15, §§ 3084.6(b). If an appeal is rejected, the inmate is to be provided clear instructions how to cure the defects therein. See Cal. Code Regs. tit. 15, §§ 3084.5(b), 3084.6(a). Group appeals are permitted on the proper form with each inmate clearly identified, and signed by each member of the group. See Cal. Code Regs. tit 15, § 3084.2(h). Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939. The court may presume that the

absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process.  See id.

## II.  DISCUSSION

### A.  In Forma Pauperis Status

In their motion to revoke plaintiff's in forma pauperis status, defendants identify four cases filed by plaintiff which were dismissed for failure to state a claim.[1]  Those cases are: (1) Williams v. California State Prison – Corcoran, 1:99-CV-6612-OWW-SMS-P; (2) Williams v. D. Lopez, et al., 1:99-CV-6648-REC-SMS-P; (3) Williams v. J.R. Anderson, et al., 1:01-CV-6222-REC-HGB-P; and (4) Williams v. J. Jones, et al., 1:03-CV-5942-OWW-LJO-P.  Based on these "strikes," defendants argue that plaintiff's in forma pauperis status must be revoked and this action dismissed without prejudice.

In his opposition, plaintiff argues that the "imminent danger" exception applies because he was in imminent danger at the time the action was filed.  In his original complaint, plaintiff claims that, on January 19, 2011, Higgins threatened to issue a rules violation report if plaintiff refused to be housed in the same cell with inmate Anderson.  Plaintiff adds that, the day before, Harris made a similar threat of disciplinary action if plaintiff did not accept inmate Anderson as his cellmate.  Plaintiff states that, on January 23, 2011, he was sexually assaulted by inmate Anderson, who had been assigned as plaintiff's cellmate.  According to plaintiff, he approached Murray after the assault and Murray stated: "I don't give a fuck.  Go back to your cell."  Plaintiff claims that he attempted to file a grievance concerning the foregoing, but defendant Harris "destroyed it."  Plaintiff also claims that Harris served him poisoned food on

---

[1] Defendants request that the court take judicial notice of these dismissals.  The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).  Defendants' request should, therefore, be granted.

January 22, 2011, and denied him medical attention when he became ill as a result.  Finally, plaintiff claims:  "I am still being poisoned daily. . . ."

In their reply, defendants argue that the allegations in the complaint do not suggest any imminent danger at the time the complaint was filed because plaintiff alleged one-time conduct.  Defendants appear to overlook plaintiff's allegation that the poisoning continues daily.  Given this allegation, the court concludes that the imminent danger exception applies and that in forma pauperis status should not be revoked.

   **B.**     **Exhaustion**

As a separate and sufficient basis for dismissal without prejudice, defendants argue that plaintiff failed to exhaust his administrative remedies prior to filing suit.  In support of this argument, defendants note that plaintiff complains of actions allegedly occurring in January 2011, but that plaintiff never filed any grievances concerning these alleged actions.  According to the declaration of Kevin Daly, the Appeal Coordinator at California State Prison – Sacramento, plaintiff never filed any inmate grievances concerning the incidents alleged in the complaint  between the time of the incidents and the date the complaint was filed.

In opposition, plaintiff argues that his attempts to file grievances concerning the conduct alleged in the complaint were thwarted on two separate occasions by prison staff.  According to plaintiff, his first grievance was torn up by prison staff and never submitted, and that a second attempted submission on January 24, 2011, was "hindered by the Appeals Coordinator Kevin Daly."  Other than this statement, plaintiff provides no evidence in support of this contention.  Defendants, on the other hand, have submitted evidence in the form of the Daly declaration in which Daly states that "Mr. Williams never submitted a timely appeal during the relevant time period."  This testimony contradicts plaintiff's claim that he in fact submitted a second grievance, but that Daly "hindered" it in some unspecified way.  Regardless of who bears the burden of establishing that the grievance process was thwarted, the preponderance of the

7

evidence submitted in this case does not indicate that it was.[2]

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' request for judicial notice (Doc. 60) be granted;

2. Defendants' motion to revoke plaintiff's in forma pauperis status (Doc. 59) be denied;

3. Defendants' motion to dismiss for lack of exhaustion (Doc. 64) be granted; and

4. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2]  In Wyatt, the court held that the defendant bears the burden of proving the absence of exhaustion.  See Wyatt, 315 F.3d at 1119.  In Albino v. Baca, 697 F.3d 1023, 1032 (9th Cir. 2012), the Ninth Circuit held that, once the defendant meets his burden of showing a lack of exhaustion, the burden then shifts to the prisoner to demonstrate that the grievance process was not available because, for example, it was thwarted.  In an unpublished memorandum disposition issued in Washington v. Mohamed, 9th Cir. no. 09-17216 (June 29, 2010), the Ninth Circuit cited Wyatt and remanded with instructions that the defendant – not the plaintiff – bore the burden of proving that the grievance process was not thwarted.